UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARAVPREET SINGH,<br><br>                              Petitioner,<br><br>v.<br><br>JEREMY CASEY, et al.,<br><br>                              Respondents. | Case No.: 3:26-cv-782-CAB-MMP<br><br>**ORDER:**<br>**(1) GRANTING WRIT OF HABEAS CORPUS; and**<br><br>**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT [Doc. No. 2].** |

Petitioner Guaravpreet Singh ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Doc. No. 1 ("Petition")], and a motion for a temporary restraining order, [Doc. No. 2 ("TRO")]. Respondents have filed their response to the Petition. [Doc. No. 5.] The Court finds this case appropriate for determination on the papers. *See* CivLR 7.1(d)(1). For the reasons discussed below, the Court **ORDERS** Respondents to immediately release Petitioner from custody under the same conditions which existed immediately prior to Petitioner's re-detention.

**I.    BACKGROUND**

Petitioner is an Indian citizen who entered the United States on March 2, 2023. [Petition at 1.] He was detained by the Department of Homeland Security ("DHS") that day and then released on his own recognizance. [*Id.*] Petitioner claims that Immigration

and Customs Enforcement ("ICE") improperly re-detained him without notice on December 11, 2025 while he was at a gas station in the course of his work as a commercial truck driver. [*Id.* at 5.] Petitioner claims that he is being unlawfully detained in violation of the Immigration and Nationality Act ("INA") and the Fourth and Fifth Amendments. [*Id.* at 9–22.] He seeks immediate release from custody. [*Id.* at 22–23.]

Respondents do not contest any of Petitioner's asserted facts. [*See generally* Doc. No. 5.] Instead, Respondents assert that Petitioner is "entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." [*Id.* at 2.]

## II. LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III. DISCUSSION

Petitioner argues that he has a protected liberty interest in his prior release, which Respondents violated when they re-detained him on July 22, 2025. [Petition at 5, 9–14.] Respondents do not address this argument at all.

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). This protection applies to noncitizens as it does to U.S. citizens. *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty, or property without due process of law.").

"Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody[.]" *Valencia Zapata*

1 *v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025)
2 (listing cases). Indeed, "the government's decision to release an individual from custody
3 creates an implicit promise, upon which that individual may rely, that their liberty will be
4 revoked only if they fail to live up to the conditions of release." *Pinchi v. Noem*, 792 F.
5 Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (cleaned up) (internal quotation marks
6 omitted) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

7 In *Valencia Zapata*, the Northern District of California granted a TRO for a group
8 of aliens who were detained by U.S. immigration officials, released on their own
9 recognizance, and then re-detained by ICE without explanation. 2025 WL 2578207, at *2.
10 The court held that the petitioners had a protectable liberty interest in remaining out of
11 custody and thus had to be given notice and a hearing prior to being taken back into
12 custody. *Id.* at *3. The operative facts here are identical. Petitioner was detained by
13 immigration officials, released on his own recognizance, and then re-detained without
14 notice or a hearing. Petitioner received no notification or individualized reason as to why
15 his release was being revoked. Nor have Respondents explained, even after the fact, what
16 circumstances have changed to warrant Petitioner's re-detention. And though Respondents
17 now claim he is entitled to a bond hearing under 8 U.S.C. § 1226(a), they do not explain
18 how Petitioner was lawfully detained in the first place. Giving Petitioner a bond hearing
19 now would not remedy the Fifth Amendment violation he has already experienced. Only
20 release from detention can accomplish that now.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the petition for a writ of habeas corpus and **ORDERS** Respondents to immediately release Petitioner from custody under the same conditions which existed immediately prior to Petitioner's re-detention on December 11, 2025. The motion for temporary restraining order is **DENIED** as moot. <u>The Clerk of the Court shall close the case.</u>

It is **SO ORDERED**.

Dated: February 19, 2026

Hon. Cathy Ann Bencivengo
United States District Judge